O

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: CR 00-226 CAS |
| Respondent, | ) | CV 07-4566 CAS |
| vs. | ) | ORDER DENYING PETITIONER'S FED. R. CIV. P. 60(B)(6) MOTION |
| MARCUS CHRISTOPHER TIMMONS, | ) | |
| Petitioner. | ) | |
| _____ | ) | |

On February 23, 2000, petitioner was arrested at the conclusion of a high speed automobile chase that followed his armed bank robbery with two other individuals of Wells Fargo Bank in Thousand Oaks, California.  Petitioner was indicted by a federal grand jury on March 7, 2000, on three counts: (1) conspiracy to commit armed bank robbery; (2) armed bank robbery; and (3) use of a firearm during a crime of violence, Case No. CR 00-226 ("the criminal prosecution").  On August 17, 2000, petitioner pleaded guilty to counts two and three of the indictment, and four days later, the Honorable Lourdes G. Baird, United States District Judge ("Judge Baird"), sentenced petitioner to a term of 123 months in prison.

On May 25, 2001, petitioner filed a Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  On September 5, 2001, petitioner filed a second Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

1
2
3
4
5
6
7

By order dated July 15, 2002, Judge Baird denied petitioner's motions.  On August 20, 2004, petitioner filed a third motion pursuant to §2255.  By order dated February 9, 2005, Judge Baird denied petitioner's motion.  On June 14, 2005, petitioner filed a fourth motion pursuant to § 2255.  By order dated August 16, 2005, the Honorable Florence-Marie Cooper, United States District Judge ("Judge Cooper"), to whom this matter was randomly assigned following Judge Baird's retirement, denied petitioner's motion.

8
9
10
11

On September 28, 2005, petitioner filed suit against Cheryl O'Connor, Judge Baird, and Judge Cooper, and the case was reassigned to the Honorable Christina A. Snyder, United States District Judge.  On January 11, 2006, the Court granted the defendants' motion to dismiss the complaint.

12
13
14
15

On July 13, 2007, petitioner filed a motion to "vacate void judgment and sentence as contemplated" under Federal Rules of Civil Procedure 60(b), 12(b) and 15(c)(3).[1]  Petitioner filed the motion in Case No. CR 00-226, and the motion was also assigned civil Case No. CV 07-4566.[2]

16

**A.     Petitioner's Rule 60(b)(6) Motion Is A Successive Section 2255 Petition**

17
18
19
20
21
22
23
24

Petitioner's motion should be construed as a 28 U.S.C. § 2255 motion.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement."  Id. at 490.  "Prisoners may not attempt to evade habeas procedural requirements, such as exhaustion of state remedies, by

/ / /

25
26

[1]  It does not appear that Rule 12(b) or 15(c)(3) have any relevance to petitioner's motion.

27
28

[2]  On the dockets for Case Nos. CR 00-226 and CV 07-4566, petitioner's motion is listed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

2

characterizing their claims as seeking some other type of relief." Bogovich v. Sandoval, 189 F.3d 999 (9th Cir. 1999).

A Rule 60(b) motion should be construed as a habeas corpus application if it alleges that the movant is, under the substantive provisions of the statutes, entitled to relief. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). In contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it is not considered a habeas petition. Id.[3]

Further, a Rule 60(b) motion, filed in a defendant's original criminal case, is in substance a section 2255 habeas motion if the motion challenges the validity of the sentence. See United States v. Johnson, 159 Fed. Appx. 835 (10th Cir. 2005) (dismissing petition on the grounds that the defendant's petition was untimely under the one-year limitation period which applies to section 2255 petitions).

Here, it appears that petitioner challenges the validity of his sentence, rather than some defect in the prior habeas proceedings. Petitioner asserts that the Court lacked subject matter jurisdiction over his criminal prosecution. Petitioner made the same argument in prior section 2255 petitions. See Case No. CV 05-4278, August 16, 2006 Order at 2. "A second or successive (section 2255) motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. Petitioner has not sought such certification. Further, because petitioner's petition was filed more than one year after his conviction became final, his section 2255 petition is untimely. Id.

The Ninth Circuit permits equitable tolling of the AEDPA statute of limitations "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a

---

[3] The Gonzalez Court expressly limited its consideration to section 2254 cases. Id. at 530 n.3.

petition on time." <u>Calderon v. United States Dist. Ct.</u>, 128 F.3d 1283, 1287 (9th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1099 (1998), <u>overruled on other grounds</u>, <u>Calderon v. United States Dist. Ct.</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1060 (1999); <u>but see</u> <u>United States v. Beggerly</u>, 524 U.S. 38, 48 (1998) (equitable tolling not permissible where the test of the statute of limitations defers the statute's commencement until the petitioner knew or should have known of the existence of the claim).  The Ninth Circuit "has observed that district judges will take seriously Congress' desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." <u>Calderon v. United States Dist. Ct.</u>, 128 F.3d at 1289.

Petitioner does not contend that extraordinary circumstances beyond his control made it impossible to file the petition on time.  Accordingly, the Court concludes that petitioner's petition is barred by the one-year statute of limitation.

**B.    The Rule 60(b) Motion Also Fails on its Merits**

A Rule 60(b) motion will not be considered a successive habeas petition where the motion seeks reconsideration of a claim that the court has already decided. <u>Hamilton v. Newland</u>, 374 F.3d 822, 824 (9th Cir. 2003).  It is unclear whether petitioner seeks reconsideration of the Court's prior dismissal of his section 2255 petitions.  However, if the Court construes the petition as a request for reconsideration of a claim, his argument lacks merit in any event.

Petitioner argues that the Court lacked subject matter jurisdiction over his criminal prosecution.  However, Judge Baird previously held that "there was sufficient information in the indictment and in 18 U.S.C. § 2113(a) under which petitioner was charged, for him to have been adequately informed of the Court's jurisdiction over him. Petitioner pled guilty, thus validating the factual allegations in the indictment against him." <u>See</u> Case No. CV 01-7674, July 15, 2002 Order at 8.  Petitioner has not asserted any reason that this analysis is incorrect, and therefore the Court declines to reconsider

4

1    the ruling.  Indeed, the plea agreement signed by petitioner specifically states that

2    petitioner "took money belonging to Wells Fargo Bank," and that "the deposits of Wells

3    Fargo Bank were then insured by the Federal Deposit Insurance Corporation."  See Plea

4    Agreement at 2, Case No. CR 00-226, Docket No. 133.

5        On July 16, 2007, petitioner also filed a document entitled "alternative to the

6    exercise of dejure judicial power".  The Court is unable to tell what relief petitioner

7    seeks by filing this document.

8        For the foregoing reasons, the Court hereby DENIES petitioner's Rule 60(b)

9    motion, and to the extent the motion is construed as a section 2255 petition,

10   DISMISSES the petition.

11       IT IS SO ORDERED.

12

13   Dated:       July 30, 2007                    _____
                                                   CHRISTINA A. SNYDER
14                                                 UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              5